08-3488-cr, 09-0316-cr
United States v. Perez Dominguez

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

        At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 21st day of September, two thousand ten.

PRESENT:   JON O. NEWMAN,
                  REENA RAGGI,
                          *Circuit Judges*,
                  JED S. RAKOFF,
                          *District Judge*.[*]

----------------------------------------------------------------

UNITED STATES OF AMERICA,
                          *Appellee*,

                  v.                                    Nos. 08-3488-cr, 09-0316-cr

LEONIDAS DEJESUS PEREZ DOMINGUEZ,
also known as LOCA, JORGE MORALES, also
known as G, also known as FAT GEORGIE,
                          *Defendants-Appellants*.

----------------------------------------------------------------

APPEARING FOR APPELLANTS:        EVANS D. PRIESTON, Rego Park, New York,
                                                *for Defendant-Appellant Leonidas DeJesus Perez
                                                Dominguez*.

----

        [*] District Judge Jed S. Rakoff of the United States District Court for the Southern District of New York, sitting by designation.

RICHARD C. MARQUETTE, Goldblatt, Marquette & Rashba, P.C., Hamden, Connecticut, *for Defendant-Appellant Jorge Morales*.

APPEARING FOR APPELLEE: ALINA P. REYNOLDS (Harold H. Chen, Sandra S. Glover, Assistant United States Attorneys, *on the brief*), *for* David B. Fein, United States Attorney for the District of Connecticut, Bridgeport, Connecticut.

Appeal from the United States District Court for the District of Connecticut (Alan H. Nevas, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgments of the district court entered on March 26, 2008, and January 22, 2009, are AFFIRMED.

Defendants Leonidas DeJesus Perez Dominguez and Jorge Morales, who were convicted, following guilty pleas, of conspiring to possess with intent to distribute 1,000 grams or more of heroin in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846, appeal their respective sentences of 168 months' and 336 months' imprisonment. We review a sentence for reasonableness, see United States v. Booker, 543 U.S. 220, 261-62 (2005), a standard akin to review for abuse of discretion, see United States v. Cavera, 550 F.3d 180, 187-88 (2d Cir. 2008) (en banc). "Reasonableness review involves consideration of both the length of the sentence (substantive reasonableness) and the procedures used to arrive at the sentence (procedural reasonableness)." United States v. Canova, 485 F.3d 674, 679 (2d Cir. 2007). In undertaking this review, we assume the parties' familiarity with the facts and the

2

record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

1.  Perez Dominguez

Perez Dominguez contends that the district court erred in (a) making factual findings unsupported by reliable evidence, (b) failing properly to consider the sentencing factors set forth in 18 U.S.C. § 3553(a), and (c) imposing a within-Guidelines sentence. The first of these arguments is foreclosed. In any event, all are without merit.

a.  Challenged Factual Findings

In imposing sentence, the district court referenced a 1999 police stop reported in Perez Dominguez's presentence report ("PSR"), the circumstances of which suggested that (1) he was then involved in drug trafficking and (2) he had falsely claimed to be lawfully in the United States. Because Perez Dominguez advised the district court that he had no objection to the PSR's statement of facts, he cannot now challenge their reliability on appeal. See United States v. Jass, 569 F.3d 47, 66 (2d Cir. 2009) (holding that defendant who fails to challenge facts in PSR at time of sentencing waives right to contest them on appeal).

Even if we were to review the previously unchallenged factfinding for plain error, see United States v. Villafuerte, 502 F.3d 204, 208 (2d Cir. 2007), we would not order a new sentencing. First, we identify no error, much less plain error, in the district court's inferring from the presence of hidden compartments in the vehicle in which Perez Dominguez was stopped that he then likely had some involvement in drug trafficking. See United States v.

3

Burden, 600 F.3d 204, 227-28 (2d Cir. 2010) (observing that district courts' "authority to find facts relevant to sentencing by a preponderance of the evidence" survives Booker); accord United States v. Garcia, 413 F.3d 201, 220 n.15 (2d Cir. 2005). The district court's observation that such compartments "are common devices that are installed in automobiles that are used by drug dealers," Sent'g Tr. at 23, finds ample support in our cases, see, e.g., United States v. Ramirez, 609 F.3d 495, 501-02 (2d Cir. 2010) (detailing use of secret compartments in cars to traffic drugs); United States v. Campo, 140 F.3d 415, 416 (2d Cir. 1998) (discussing offer of cooperation by defendant who modified drug dealers' cars to hide drugs in secret compartments); United States v. Pimentel, 83 F.3d 55, 57 (2d Cir. 1996) (recounting organization's use of car equipped with secret compartment to transport drugs).[1]

Although the PSR's report that Perez Dominguez falsely claimed lawful status in the United States is wrong, other provisions of the same PSR properly identified Perez Dominguez as a lawful permanent resident. In any event, Perez Dominguez cannot demonstrate that this error affected substantial rights because nothing in the record indicates that Perez Dominguez's immigration status materially affected the district court's sentence.

---

[1] Although Perez Dominguez challenges the government's assertion at sentencing that he fitted the cars of his co-conspirators with hidden compartments, we need not discuss this point as the district court did not rely on – or even mention – this argument in concluding that Perez Dominguez was likely involved in drug trafficking in 1999. Accordingly, that alleged fact cannot have affected his substantial rights.

4

Accordingly, we reject Perez Dominguez's argument that errors in factfinding warrant a new sentence.

### b. Consideration of § 3553(a) Factors

Perez Dominguez submits that the district court failed to give proper consideration to the sentencing factors outlined in 18 U.S.C. § 3553(a). Because he did not raise this procedural challenge below, we review for plain error, see Fed. R. Crim. P. 52(b); United States v. Villafuerte, 502 F.3d at 208, and we identify none here.

As we have observed on numerous occasions, no "specific verbal formulations," United States v. Fleming, 397 F.3d 95, 100 (2d Cir. 2005), or "robotic incantations," United States v. Fernandez, 443 F.3d 19, 30 (2d Cir. 2006) (internal quotation marks omitted), are required to demonstrate district court consideration of the statutory factors relevant to sentencing. Because the able and experienced district court judge discussed the nature of Perez Dominguez's offense conduct and his personal characteristics and history, we conclude that the judge adequately considered the § 3553(a) factors. See United States v. Verkhoglyad, 516 F.3d 122, 129 (2d Cir. 2008) ("[I]n the absence of record evidence suggesting otherwise, we presume that a sentencing judge has faithfully discharged her duty to consider the statutory factors." (internal quotation marks omitted)).

### c. Imposition of Within-Guidelines Sentence

In imposing the challenged sentence, the district court specifically stated that it had considered a non-Guidelines sentence but found "compelling reasons" not to sentence

5

outside the Guidelines. Sent'g Tr. at 25. Specifically, the court noted that Perez Dominguez "ha[d] been involved in drugs for a long period of time" and was "a source of supply for a major drug dealer in the area." Id. at 24. On this record, we identify no procedural error in the district court's proper understanding of its discretion to impose a non-Guidelines sentence after United States v. Booker, 543 U.S. 220. Nor do we identify substantive error in the district court's decision to sentence within the Guidelines.

Although we do not presume a Guidelines sentence to be reasonable, we have recognized that "in the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances." United States v. Friedberg, 558 F.3d 131, 137 (2d Cir. 2009) (internal quotation marks omitted); see also Rita v. United States, 551 U.S. 338, 355 (2007) ("[W]here [the sentencing] judge and [Sentencing] Commission both determine that the Guidelines sentence is an appropriate sentence for the case at hand, that sentence likely reflects the § 3553(a) factors." (emphasis in original)). This case presents no exception.

2.    Morales

In challenging his below-Guidelines sentence, Morales faults (a) the quantity of drugs attributed to him, (b) application of a statutory sentencing enhancement based on a prior felony drug conviction, (c) the district court's failure to grant a downward departure for various mitigating circumstances, and (d) the disproportionality of his sentence to his crime. These arguments are either waived or lacking in merit.

6

a.    Drug Quantity

In calculating Morales's Guidelines range, the district court relied on the drug quantity attributed to him in the PSR, thirty kilograms or more of heroin, which was the amount to which Morales had stipulated in his plea agreement. Nothing in the record indicates that Morales's stipulation was not knowing and voluntary. Moreover, Morales did not object to the PSR's drug quantity at the time of sentencing. Accordingly, Morales's objection to the calculation of drug quantity is waived. See United States v. Jass, 569 F.3d at 66.

Nor can Morales obtain a more favorable conclusion by recasting his challenge as a complaint about the district court's failure to make explicit findings as to drug quantity. We would review this argument – not raised in the district court – only for plain error, see United States v. Fuller, 426 F.3d 556, 563 (2d Cir. 2005), which Morales cannot demonstrate. Although a plea agreement stipulation is not binding on the district court, it "may be relied upon in finding facts relevant to sentencing," United States v. Granik, 386 F.3d 404, 412 (2d Cir. 2004), so long as the stipulation is knowing and voluntary and the district court "consider[s] any other relevant information presented to it, including the [Presentence Investigation Report]," before imposing sentence, id. at 413-14. Because Morales stipulated to a Guidelines calculation based on thirty kilograms or more of heroin and failed to contest the PSR's attribution of that quantity of heroin to him, and because the record indicates that the district court considered all other relevant information presented to it, the district court's failure to make an explicit finding of the relevant drug quantity manifests no error, let alone

7

plain error. See generally Fed. R. Crim. P. 32(i)(3)(A)-(B) (noting that court may accept any undisputed portion of PSR as finding of fact but, for disputed portion of PSR, "must . . . rule on the dispute or determine that a ruling is unnecessary either because the matter will not affect sentencing, or because the court will not consider the matter in sentencing").  Even assuming error in the lack of an explicit court finding, Morales cannot show that the omission affected his substantial rights given his stipulation to the precise quantity of drugs used by the district court in calculating his sentence.

Accordingly, Morales's drug quantity challenge does not warrant resentencing.

b.      Section 841(b)(1)(A) Enhancement

Morales argues that the district court erred in enhancing his sentence for a prior felony drug offense pursuant to 21 U.S.C. § 841(b)(1)(A), as the government failed to comply with the filing requirements of 21 U.S.C. § 851.[2]  In particular, he asserts (1) that the government not only filed a second offender information that inaccurately described his prior offense, but also failed to amend the information prior to his entry of a guilty plea; and (2) that the predicate offense for the enhancement does not constitute a prior felony drug offense because it was the result of an Alford plea.  The government concedes that the second offender information was deficient because it misidentified the relevant drug conviction and because

_____

[2] Title 21 U.S.C. § 851(a)(1) precludes application of a sentence enhancement based on a defendant's prior convictions "unless before trial, or before entry of a plea of guilty, the United States attorney files an information with the court (and serves a copy of such information on the person or counsel for the person) stating in writing the previous convictions to be relied upon."

8

the conviction it described could not support a § 841(b)(1)(A) enhancement in any event. Nevertheless, the government contends that the error was harmless. We agree.

The erroneous application of § 841(b)(1)(A) to Morales's case raised the applicable mandatory minimum prison sentence from 10 to 20 years. Morales's advisory guidelines range, however, was 360 months to life, regardless of the application of § 841(b)(1)(A). In sentencing Morales to 28 years' (336 months') imprisonment – significantly above the 20-year minimum but below his Guidelines range – the district court cited Morales's extensive criminal history, past involvement with street gangs, participation in a scheme to distribute heroin, and recruitment of his nephew to join in that scheme. Indeed, the court indicated that but for Morales's supportive family, it would have followed its original intent to impose a Guidelines sentence of 360 months. Where a district court thus makes "an informed and individualized judgment," United States v. Cavera, 550 F.3d at 189, to sentence a defendant well above any mandatory minimum applicable to his case, we conclude that any error in the identification of the applicable mandatory minimum was harmless, see United States v. Deandrade, 600 F.3d 115, 120 (2d Cir. 2010) (concluding that sentence was unaffected by prior offense leading to potentially erroneous application of § 841(b)(1)(A) enhancement where Guidelines range was 360 months' to life imprisonment and sentence imposed exceeded even 20-year mandatory minimum by 60 months).

Accordingly, we conclude that the § 841(b)(1)(A) error does not warrant remand. See Williams v. United States, 503 U.S. 193, 203 (1992) (holding remand inappropriate where error did not affect district court's selection of sentence imposed).

c.    Departure Decision

Morales contends that the court erred in not reducing his sentence in light of his traumatic childhood, relatively minor role in the charged conspiracy, and assistance in breaking a "logjam" among his co-defendants. We are not persuaded.

Whether Morales presented these mitigating circumstances as grounds for a Guidelines departure or a non-Guidelines sentence, nothing in the record indicates that the district court either failed to consider Morales's arguments for leniency or misapprehended the scope of its sentencing authority after Booker. To the contrary, the record shows that the district court fully understood – and exercised – its discretion to impose a below-Guidelines sentence based on its assessment of the totality of the § 3553(a) factors. In these circumstances, we lack jurisdiction to review the district court's determination not to depart further from the Guidelines range. See, e.g., United States v. Valdez, 426 F.3d 178, 184 (2d Cir. 2005) ("[A] refusal to downwardly depart is generally not appealable, . . . [except] when a sentencing court misapprehended the scope of its authority to depart or the sentence was otherwise illegal."); accord United States v. Stinson, 465 F.3d 113, 114 (2d Cir. 2006). Nor can we conclude that the failure to accord these mitigating factors more weight resulted in substantive error. See United States v. Cavera, 550 F.3d at 191 (observing that "we do not

10

consider what weight we would ourselves have given a particular [sentencing] factor" but instead "whether the factor, as explained by the district court, can bear the weight assigned it under the totality of circumstances in the case"); United States v. Fernandez, 443 F.3d at 32 ("The weight to be afforded any argument made pursuant to one of the § 3553(a) factors is a matter firmly committed to the discretion of the sentencing judge and is beyond our review, as long as the sentence ultimately imposed is reasonable in light of all the circumstances presented.").

   d.  <u>Proportionality</u>

Morales submits that his sentence violates the Eighth Amendment's ban on cruel and unusual punishment because it is grossly disproportionate to his offense. <u>See generally</u> <u>United States v. Yousef</u>, 327 F.3d 56, 163 (2d Cir. 2003) (citing <u>Harmelin v. Michigan</u>, 501 U.S. 957, 1001 (1991) (Kennedy, J., concuring in part and concurring in the judgment)). Morales waived this claim by failing to raise it in the district court. <u>See</u> <u>United States v. Rivera</u>, 546 F.3d 245, 254 (2d Cir. 2008); <u>United States v. Feliciano</u>, 223 F.3d 102, 125 (2d Cir. 2000). Even if that were not the case, we would conclude that the challenge is without merit.

In a non-capital case, it is "exceedingly rare" for a court to conclude that a sentence within statutory limits is so disproportionately severe as to constitute cruel and unusual punishment. <u>United States v. Caracappa</u>, --- F.3d ----, 2010 WL 2884970, at *10 (2d Cir. 2010) (internal quotation marks omitted); <u>accord</u> <u>Ewing v. California</u>, 538 U.S. 11, 21

11

(2003). Notably, in Solem v. Helm, 463 U.S. 277, 296-97 (1983), the Supreme Court concluded that a life sentence without parole for passing a $100 bad check was unconstitutional despite the defendant's record of six prior felony convictions, all for relatively minor, non-violent crimes. This case is hardly analogous.

Morales has a significant criminal history of actual and threatened violence. Further, the sentence at issue is 28 years – not life – in prison. Moreover, the crime of conviction did not involve a single bad check but a drug conspiracy that dealt significant quantities of heroin. We thus identify no merit in Morales's constitutional challenge to the proportionality of his sentence to the crime of conviction. See Harmelin v. Michigan, 501 U.S. at 994 (holding that life imprisonment without parole for first-time offender's possession of 672 grams of cocaine did not violate Eighth Amendment).

We also identify no merit in Morales's contention that his sentence is unreasonably disproportionate to that of his co-defendants, notably, conspiracy leader Edwin Sanchez. While a district court is not precluded from considering disparities among co-defendants in the same case, the disparity that must be considered pursuant to 18 U.S.C. § 3553(a)(6) is that arising "nationwide" among similarly situated defendants. United States v. Frias, 521 F.3d 229, 236 (2d Cir. 2008). In any event, Morales fails to demonstrate that he is similarly situated to co-defendants receiving lesser sentences, largely because of his extensive and more violent criminal history. See United States v. Fernandez, 443 F.3d at 28 (holding that

12

"disparity between <u>non-similarly situated</u> co-defendants is not a valid basis for a claim of error under 18 U.S.C. § 3553(a)(6)" (emphasis in original)).

We have considered Morales's and Perez Dominguez's remaining arguments on appeal and conclude that they lack merit. Accordingly, the district court's March 26, 2008 and January 22, 2009 judgments are AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court