15-158-cr
United States v. Tuttle

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of April, two thousand sixteen.

PRESENT:  PIERRE N. LEVAL,
          CHRISTOPHER F. DRONEY,
                    *Circuit Judges*,
          PAUL A. ENGELMAYER,[*]
                    *Judge*.

------------------------------------------------------------------------

UNITED STATES OF AMERICA,

                    *Appellee*,

         v.                                   No. 15-158-cr

RONALD TUTTLE,

                *Defendant-Appellant*.

------------------------------------------------------------------------

| | |
|---|---|
| FOR DEFENDANT-APPELLANT: | JAY S. OVSIOVITCH, (Jeffrey L. Ciccone, *on the brief*) Federal Public Defender's Office, Rochester, NY. |
| FOR APPELLEE: | JENNIFER M. NOTO, *for* William J. Hochul, Jr. United States Attorney for the Western District of New York, Rochester, NY. |

---

[*] Judge Paul A. Engelmayer, of the Southern District of New York, sitting by designation.

Appeal from the judgment of conviction of the United States District Court for the Western District of New York (Geraci, *J.*), entered on January 6, 2015.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Ronald Tuttle appeals from the judgment of the United States District Court for the Western District of New York (Geraci, *J.*), convicting and sentencing him to four concurrent terms of 97 months' imprisonment and three years of supervised release for conspiracy to possess with intent to distribute a substance containing 3,4-methylenedioxypyrovalerone ("MDPV"), a Schedule I controlled substance (Count I), *see* 21 U.S.C. § 846, conspiracy to import into the United States MDPV (Count II), *see* 21 U.S.C. § 963, importing into the United States a substance containing MDPV (Count III), *see* 21 U.S.C. §§ 952(a), 960(a), and 960(b)(3), and attempting to possess with intent to distribute a substance containing MDPV (Count IV), *see* 21 U.S.C. § 846.

Tuttle challenges (1) the district court's jury instructions as to Counts I and II in light of the Supreme Court's decision in *McFadden v. United States*, 135 S. Ct. 2298 (2015), which held that to convict a defendant of distributing an analogue drug, the Government must prove the defendant's knowledge that the drug was covered under the Controlled Substance Analogue Enforcement Act of 1986 ("Analogue Act"), 21 U.S.C. §§ 802, 813, (2) the district court's jury instructions as to Counts III and IV, given that

2

MDPV's status as a controlled substance was 'in flux' during the time period covered by the evidence, and (3) the sufficiency of the evidence supporting his conviction on Counts III and IV. In rejecting each of these challenges, we assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

### 1. Counts I and II of the Jury Charge

Tuttle argues the district court erred when it failed to charge the jury on the criminal intent required for the underlying offenses. This Court reviews an unobjected to jury charge for plain error. *United States v. George,* 779 F.3d 113, 117 (2d Cir. 2015).[2] Plain error exists where (1) there is an error (2) that is clear or obvious, rather than subject to reasonable dispute, and the error (3) affects the appellant's substantial rights and (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings. *United States v. Sanchez,* 773 F.3d 389, 391 (2d Cir. 2014). A challenged instruction is not viewed in isolation but in context "to determine whether considered as a whole, the instructions adequately communicated the essential ideas to the jury." *United States v. Sabhnani*, 599 F.3d 215, 237 (2d Cir. 2010) (internal quotation omitted).

Tuttle contends that the district court's jury instructions did not comply with the Supreme Court's ruling in *McFadden v. United States,* 135 S. Ct. 2298 (2015), which held that in prosecutions under the Analogue Act the Government must prove a defendant

---

[2] Tuttle contends the proper standard of review is modified plain error in light of the Supreme Court's supervening decision in *McFadden v. United States*, 135 S. Ct. 2298 (2015). As discussed *infra*, *McFadden* was not a supervening decision as it dealt with prosecutions involving a drug analogue whereas Tuttle's offenses involved a scheduled controlled substance. Regardless, even under a modified plain error standard, Tuttle's arguments fail as the district court did not err in its charge to the jury.

knew he was dealing with a substance regulated under the Analogue Act. However, Tuttle's conviction was not under the Analogue Act. Tuttle was charged with conspiracy and substantive offenses related to MDPV, a Schedule I controlled substance as of October 21, 2011. *See* Schedules of Controlled Substances: Temporary Placement of Three Synthetic Cathinones Into Schedule I, 76 Fed. Reg. 65371, 65371 (Oct. 21, 2011) (to be codified at 21 C.F.R. pt. 1308). All of the charged conspiracy and other unlawful conduct concerned periods after that date. *McFadden* is therefore inapposite.

As *McFadden* is inapposite, Tuttle has failed to demonstrate any error, much less plain error, with respect to Counts I and II.

### 2. Counts III and IV of the Jury Charge

As with Counts I and II, Tuttle made no objections to Counts III and IV at trial and so we review them for plain error. *George*, 779 F.3d at 117. With respect to Counts III and IV, the substantive counts, Tuttle contends that the jury instructions were erroneous because they failed to instruct in accordance with *McFadden* when the evidence covered a period before MDPV was listed on Schedule I. He argues, "[t]he court should have required the jury to make a finding that Mr. Tuttle knew the specific drug analogue that he was dealing with." Appellant Br. 36. This argument has no merit. As we noted above, MDPV was listed on Schedule I during the period covered by Tuttle's indictment. The Analogue Act was therefore irrelevant to the jury's deliberations. Tuttle has failed to demonstrate any error in the jury instructions for Counts III and IV, much less plain error.

### 3. Sufficiency of the Evidence

Tuttle contends that the evidence produced at trial was insufficient to prove beyond a reasonable doubt that he knowingly imported MDPV from China and knowingly attempted to possess with intent to distribute MDPV. This Court reviews *de novo* challenges to sufficiency of the evidence. *United States v. Rangolan,* 464 F.3d 321, 324 (2d Cir. 2006). The evidence is viewed in the light most favorable to the government and will be affirmed if "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Aguilar*, 585 F.3d 652, 656 (2d Cir. 2009) (internal quotation marks omitted). "Assessments of witness credibility and choices between competing inferences lie solely within the province of the jury." *United States v. Payne*, 591 F.3d 46, 60 (2d Cir. 2010). Where conflicts in the testimony exist, we must defer to the jury's resolution as to the weight of evidence and credibility of the witnesses. *Id.*

There was more than sufficient evidence for any rational juror to find that Tuttle knowingly imported MDPV from China and attempted to possess with intent to distribute MDPV. The evidence adduced at trial included (1) testimony from a special agent with Homeland Security Investigations ("HSI") that Tuttle accepted a package for delivery in 2013 that had contained MDPV, (2) testimony of Michael Garinger, an inmate at a state correctional facility, that he had purchased MDPV from Tuttle for almost two years prior to February 2013, (3) Tuttle's own statement made to an HSI agent that he was ordering MDPV from China, (4) emails from Tuttle's account to various suppliers in China

5

explicitly referencing orders of and prices for MDPV, and (5) handwritten notes with price quotes for various amounts of MDPV found in Tuttle's home. While Tuttle argues his own testimony at trial contradicted this evidence, it was within the province of the jury to disbelieve his testimony and credit competing inferences. *Payne*, 591 F.3d at 60. We will not disturb the jury's reasonable credibility determinations on appeal.

We have considered Tuttle's remaining arguments and find them to be without merit.  Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court