UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "Summary Order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of April two thousand seventeen.

Present:
> PETER W. HALL,
> GERARD E. LYNCH,
> CHRISTOPHER F. DRONEY,
> *Circuit Judges.*

---

UNITED STATES OF AMERICA,

> *Appellee,*

> v.                                                                 15-4144-cr

CARLOS MCKENZIE,

> *Defendant-Appellant.**

---

| | |
|---|---|
| For Appellee: | MONICA J. RICHARDS, Assistant United States Attorney, *for* James P. Kennedy, Acting United States Attorney for the Western District of New York, Buffalo, New York. |
| For Appellant: | JOHN A. KUCHERA, Waco, Texas. |

---

* The Clerk is respectfully directed to amend the caption to conform with the above.

1

Appeal from a judgment of the United States District Court for the Western District of New York (Larimer, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Carlos McKenzie appeals from his conviction for conspiring to possess with intent to distribute and distribution of a controlled substance in violation of 21 U.S.C. § 846. We assume the parties' familiarity with the underlying facts, the procedural history, the district court's rulings, and the arguments presented on appeal.

McKenzie lodges three challenges to his conviction. First, he argues that the evidence was insufficient to support the *mens rea* element of the crime. Second, relying on the Supreme Court's decision in *McFadden v. United States*, 135 S. Ct. 2298 (2015), McKenzie contends that the district court improperly instructed the jury on that element. Finally, McKenzie challenges the special verdict form. We address each of his arguments in turn.

## I.     Sufficiency of the Evidence

We review *de novo* McKenzie's challenge to the sufficiency of the evidence. *United States v. Harvey*, 746 F.3d 87, 89 (2d Cir. 2014) (per curiam). We are "required to draw all permissible inferences in favor of the government and resolve all issues of credibility in favor of the jury verdict." *United States v. Kozeny*, 667 F.3d 122, 139 (2d Cir. 2011). We will affirm a jury verdict if "*any* rational trier of

fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Vargas-Cordon*, 733 F.3d 366, 375 (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)) (emphasis in original). Upon review of the record, we conclude that the evidence was sufficient to support McKenzie's conviction.

Because McKenzie was charged with and convicted of conspiracy to possess with intent to distribute controlled substances, the government needed only to prove "(1) the existence of the conspiracy charged; (2) that the defendant had knowledge of the conspiracy; and (3) that the defendant intentionally joined the conspiracy." *United States v. Santos* 541 F.3d 63, 70 (2d Cir. 2008) (internal citations omitted). "[W]here the defendant personally and directly participated in the drug transaction underlying the conspiracy charge, the government need not prove that the defendant had knowledge of either drug type or quantity." *United States v. Andino*, 627 F.3d 41, 47 (2d Cir. 2010). *McFadden*, a case concerning the Controlled Substances Analogue Enforcement Act ("Analogue Act"), does not disturb that burden of proof. Indeed, *McFadden* confirmed that knowledge "can be established by evidence that a defendant knew that the substance with which he was dealing is some controlled substance . . . regardless of whether he knew the particular identity of the substance." 135 S. Ct. at 2305.[1]

---

[1] *McFadden* also discussed a *second* approach to proving knowledge—with evidence that a defendant knew the actual identity of the controlled substance. That approach, however, is irrelevant to McKenzie's case. The district court instructed the jury only under the first approach, that "[w]hat the Government must prove beyond a reasonable doubt is that Mr. McKenzie knew that some illegal controlled substance that is illegal in the United States drug laws was part of this conspiracy and contained in the substances that he and others allegedly conspired to distribute or possess." Gov't App'x 159.

There was sufficient evidence at trial, both direct and circumstantial, that McKenzie knew that he was dealing in a controlled substance. The jury heard testimony about narcotics and money transactions from coconspirators Rawlins and Gunter, saw video surveillance evidence, heard wiretapped conversations discussing the specifics of drug transactions, and saw large quantities of ecstasy pills that were seized. There was testimony that McKenzie met Gunter in a bar bathroom to consummate one particular transaction. There were also various intercepted communications using coded language, arranging for payments, shipping methods, money transfers, and moving pills between conspirators. McKenzie testified at trial, and maintains on appeal, that he thought he was selling legal "sex pills," not ecstasy. It appears that the jury disbelieved that story.

Thus, viewing the evidence in the light most favorable to the government, there is sufficient evidence to prove that McKenzie knew he was distributing a controlled substance.

## II.    Jury Instructions

Next, McKenzie challenges the jury instructions based on the *McFadden* case. Specifically, he argues that the district court erred by repeatedly instructing the jury that it need not "find that [McKenzie] knew the precise chemical name or the precise chemical compounds of methamphetamine or methlyenedioxy-methamphetamine." Trial Tr. 1016. We review *de novo* this challenge as well, viewing the charge as a whole. *United States v. Sabhnani*, 599 F.3d 215, 237 (2d Cir. 2010). A defendant must demonstrate error and prejudice from the

instructions. *Id.* Erroneous jury instructions "either fail[] to adequately inform the jury of the law, or mislead[] the jury as to the correct legal standard." *Id.* (quoting *United States v. Quattrone*, 441 F.3d 153, 177 (2d Cir. 2006)).

McKenzie misunderstands *McFadden*, "which held that in prosecutions under the Analogue Act the Government must prove a defendant knew he was dealing with a substance regulated under the Analogue Act." *United States v. Tuttle*, 646 F. App'x 120, 122 (2d Cir. 2016). The controlled substances involved in McKenzie's charge were not analogue drugs. In any event, as discussed above, *McFadden* does not disturb long-established law that it is enough for a defendant to know that he was dealing in a controlled substance even if he did not know the specific identity of that substance.

"As *McFadden* is inapposite" here, McKenzie "has failed to demonstrate any error." *Tuttle*, 646 F. App'x at 122. Not every methamphetamine (or MDMA) dealer will be a high school chemistry teacher, much less possess the knowledge and sophistication of one. The district court properly instructed the jury that the government did not need to prove that McKenzie knew the chemical name, makeup, or structure of the controlled substances.

## III. Special Verdict Form

Because McKenzie did not object to the special verdict form, we review his challenge for plain error. *United States v. Scarpa*, 913 F.2d 993, 1020–21 (2d Cir. 1990). On appeal, he contends that the special verdict form was error because it did

5

not specifically instruct the jury that the government needed to prove drug quantity beyond a reasonable doubt.

In its jury instructions, the district court referred to the "beyond a reasonable doubt" standard no fewer than 18 times. Moreover, specifically with respect to drug quantity, the district court instructed:

> If [the conspiracy] is proven, we need to know how much. So the next part says if you answered proven that means the Government has established beyond a reasonable doubt that the controlled substances involved a detectable amount of methamphetamine and you can reference the stipulations that are before you.

Gov't App'x 189. There is simply no basis to conclude that the jury applied anything other than the "beyond a reasonable doubt" standard. We therefore discern no plain error.

We have considered McKenzie's remaining arguments and determine them to be without merit.

Accordingly, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6