11-2429-cr
*United States v. Sanchez*

# In the

# United States Court of Appeals

## For the Second Circuit

————

AUGUST TERM 2014
No. 11-2429-cr

UNITED STATES OF AMERICA,
*Appellee,*

*v.*

EDWIN SANCHEZ, AKA T, AKA TRIX,
*Defendant-Appellant,*

EDGAR NIEVES, AKA K, JORGE MORALES, AKA FAT GEORGIE,
LEONIDAS DEJESUS PEREZ-DOMINGUEZ, AKA LOCA,
ANTONIO PESANTE, MICHAEL PESANTE, MARCO TACCO,
AKA SOFT, JOSE RODRIGUEZ, AKA JOE CRACK, JUSTIN RILEY,
LUIS JUSTINIANO, AKA CRAZOR, MIGUEL NEGRON, AKA
MIKEY, GREG BENITEZ, GLENDA BLANCO, VICTOR COLON,
AKA JUNIE, MICHAEL JACKSON, AKA UG, ALAN ROGERS, AKA
SHUG, RUBEN CARDONA, AKA CHRIS, CARLOS CINTRON,
*Defendants.*

————

Appeal from the United States District Court
for the District of Connecticut.
No. 3:06-cr-272-1 — Alan H. Nevas, *Judge.*

————

ARGUED: AUGUST 19, 2014
DECIDED: DECEMBER 4, 2014

————

Before: CABRANES, STRAUB, and LIVINGSTON, *Circuit Judges*.

————

Defendant Edwin Sanchez appeals from a sentence of 288 months' imprisonment and 10 years' supervised release imposed by the District Court (Alan H. Nevas, *Judge*). We conclude that, in the circumstances presented here, Sanchez's rights were substantially affected and the fairness and integrity of the judicial proceedings were seriously compromised—that is, there was "plain error"—where Sanchez's mandatory minimum sentence was miscalculated and where the record reflects that this miscalculation had an impact on the sentence imposed.

Accordingly, we **VACATE** the sentence imposed by the District Court and **REMAND** for resentencing consistent with this opinion.

————

DEVIN MCLAUGHLIN, Langrock Sperry & Wool, LLP, Middlebury, VT, *for Appellant Edwin Sanchez*.

ALINA P. REYNOLDS, Assistant United States Attorney (Edward Chang, Assistant United States Attorney, *on the brief*), *for* Deirdre M. Daly, United

States Attorney for the District of Connecticut, Bridgeport, CT, *for Appellee United States of America*.

————

JOSÉ A. CABRANES, *Circuit Judge*:

Defendant Edwin Sanchez appeals from a sentence of 288 months' imprisonment and 10 years' supervised release imposed by the District Court (Alan H. Nevas, *Judge*).[1] We conclude that, in the circumstances presented here, Sanchez's rights were substantially affected and the fairness and integrity of the judicial proceedings were seriously compromised—that is, there was "plain error"— where Sanchez's mandatory minimum sentence was miscalculated and where the record reflects that this miscalculation had an impact on the sentence imposed.

Accordingly, we **VACATE** the sentence imposed by the District Court and **REMAND** for resentencing consistent with this opinion.

## BACKGROUND

Sanchez pleaded guilty to one count of conspiring to possess, with intent to distribute, over 1,000 grams of heroin in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(A). The statutory mandatory minimum for this crime is normally 10 years' imprisonment and five years' supervised release. *Id.* § 841(b)(1)(A).

---

[1] Judge Nevas retired from the bench after sentencing, and this case was subsequently reassigned to Judge Stefan R. Underhill.

The same day as the guilty plea, however, the Government filed a second-offender information under 21 U.S.C. § 851, alleging that Sanchez was subject to enhanced penalties based on his prior Connecticut conviction for possession of narcotics. This provision increased the mandatory minimum for Sanchez's crime to 20 years' imprisonment and 10 years' supervised release. *Id.* § 841(b)(1)(A).[2]

Sanchez's applicable Guidelines range was calculated to be 360 months' to life imprisonment. (The Government, however, agreed in Sanchez's plea agreement not to seek a sentence higher than 360 months.) The change in the mandatory minimum did not affect the Guidelines calculation, and that calculation is not challenged on appeal. At the sentencing hearing, the District Court

---

[2] In relevant part, the statute's provisions for imprisonment state:

> [An offender under this subsection] shall be sentenced to a term of imprisonment which *may not be less than 10 years* or more than life . . . . If any person commits such a violation *after a prior conviction for a felony drug offense* has become final, such person shall be sentenced to a term of imprisonment which *may not be less than 20 years* and not more than life imprisonment . . . .

21 U.S.C. § 841(b)(1)(A) (emphasis supplied). In relevant part, the statute provides with respect to supervised release that

> any sentence under this subparagraph shall, in the absence of such a prior conviction, impose a *term of supervised release of at least 5 years* in addition to such term of imprisonment and shall, *if there was such a prior conviction, impose a term of supervised release of at least 10 years* in addition to such term of imprisonment.

*Id.* (emphasis supplied).

did not make any mention of the mandatory minimum, and ultimately sentenced Sanchez to 288 months' imprisonment and 10 years' supervised release.

## DISCUSSION

This appeal arises from the fact that the District Court's imposition of a prior-conviction enhancement—which raised Sanchez's mandatory minimum sentence—was improper. Because Sanchez did not object at his sentencing hearing, we review only for plain error. Plain error exists where

> (1) there is an error; (2) the error is clear or obvious, rather than subject to reasonable dispute; (3) the error affected the appellant's substantial rights, which in the ordinary case means it affected the outcome of the district court proceedings; and (4) the error seriously affects the fairness, integrity or public reputation of judicial proceedings.

*United States v. Tarbell*, 728 F.3d 122, 126 (2d Cir. 2013) (quoting *United States v. Marcus*, 560 U.S. 258, 262 (2010)).

The first two prongs of the plain error test are not in dispute. The Government concedes that it was a clear error to treat Sanchez's Connecticut narcotics conviction as a prior felony drug conviction, because the State narcotics law for which Sanchez was convicted was not coterminous with the federal narcotics laws. *See McCoy v. United States*, 707 F.3d 184, 187 (2d Cir. 2013). It was therefore

improper for the District Court to rely on this conviction under the "categorical approach"—that is, "consider[ing] the offense generically, . . . and not in terms of how an individual offender might have committed it on a particular occasion." *Begay v. United States*, 553 U.S. 137, 141 (2008) (citing *Taylor v. United States*, 495 U.S. 575, 602 (1990)). The Government concedes also that it did not and cannot demonstrate that Sanchez's prior conviction *actually* qualified as a felony drug offense, because the pertinent records are no longer available. *See generally Shepard v. United States*, 544 U.S. 13, 19–23 (2005). Accordingly, it is undisputed that the appropriate mandatory minimum was imprisonment of 10 years, rather than 20 years (and, concomitantly, supervised release of five years, rather than 10 years).

With respect to the term of supervised release, the Government concedes that remand is necessary. Appellee's Br. 2. This is undoubtedly so, because the District Court sentenced Sanchez to the exact mandatory minimum term of 10 years, which was incorrectly calculated.

With respect to the term of imprisonment, however, the Government argues that Sanchez fails to meet his burden to establish plain error, because his substantial rights were not affected, and because the fairness and integrity of his sentence was not seriously compromised.

## A. Sanchez's Substantial Rights

The Government's argument regarding the substantial rights prong rests primarily on our previous case, *United States v. Deandrade*, 600 F.3d 115 (2d Cir. 2010). In *Deandrade*, the defendant similarly argued that a prior juvenile conviction did not constitute a prior felony conviction under § 841(b)(1)(A). We did not reach the merits of that argument, however, because we concluded it was "clear that the sentence was unaffected by Deandrade's juvenile drug offense." *Id.* at 120. We concluded that that was so because

> [t]he Guidelines sentence, correctly calculated by the court, was 360 months to life—*independent of any consideration of the contested juvenile adjudication.* . . . The 300-month sentence actually imposed exceeded (by 60 months) the 20-year mandatory minimum prescribed by § 841(b)(1)(A). It is hard to see how any consideration of the juvenile adjudication—which mattered *only* as to that mandatory minimum—contributed to the sentence imposed.

*Id.* (emphasis in original).

The holding of *Deandrade* was, therefore, that an error in calculating the mandatory minimum must have made a difference in the defendant's sentence in order to affect a defendant's substantial rights. *Cf. Williams v. United States*, 503 U.S. 193, 203 (1992) ("Accordingly, in determining whether a remand is required under § 3742(f)(1), a court of appeals must decide whether the district court

would have imposed the same sentence had it not relied upon the invalid factor or factors."). To determine whether the District Court's erroneously-calculated mandatory minimum affected Sanchez's sentence, we are required to look to "the record as a whole." *Id.* In *Deandrade*, we found it clear from the entirety of the record that the error *did not* make a difference to the sentence, because the defendant's Guidelines range was well above the mandatory minimum, and because the District Court specifically stated that the mandatory minimum was irrelevant to the sentence it imposed. 600 F.3d at 120.

Here, by contrast, the record reflects that the erroneously-calculated mandatory minimum *did* affect Sanchez's sentence. Unlike in *Deandrade*, where the District Court said it was imposing sentence that was "greater than 20 years *without regard to the mandatory minimum*," 600 F.3d at 120, the District Court here made no such statement. And although the District Court did not mention the mandatory minimum, the assumption of a 20-year minimum sentence permeates the record. Indeed, throughout the sentencing hearing, Sanchez's counsel argued that the range for the District Court to consider was between the mandatory minimum sentence (which he believed to be 20 years) and 30 years.[3] The Government, too, invoked the mandatory minimum, arguing "if the Court is considering imposing a non-guideline sentence, . . . we urge the

---

[3] Although the Guidelines range was 360 months' to life imprisonment, as a practical matter, the "ceiling" for Sanchez's possible term of imprisonment was at the very bottom of that range, because of the Government's agreement not to seek a sentence higher than 360 months. *See* text following note 2, *supra.*

Court to impose a sentence above the mandatory minimum in the case." Joint App'x 119; *see also id.* at 117 (arguing that the District Court should not "reward" Sanchez with a sentence of the mandatory minimum of 20 years). Thus, both parties relied on the (mis-)calculation of a 20-year mandatory minimum in their arguments, and the District Court ultimately sentenced Sanchez to 288 months' imprisonment—a sentence closer to 20 years than to 30.

Sanchez appears to agree with the Government that, under our Court's existing precedent, his appeal should fail on plain error review. *See, e.g.*, Appellant's Reply Br. 2. As noted above, however, we disagree with the broad reading of *Deandrade* subscribed to by both the Government and Sanchez. *See, e.g., id.* ("Prior to [*Alleyne v. United States*, 133 S. Ct. 2151 (2013)], this Circuit held that a defendant is not prejudiced by an incorrect mandatory minimum when the defendant's Guidelines range is not impacted, and the defendant receives a sentence above the incorrect mandatory minimum."). We have never adopted such a bright-line test, either in *Deandrade* or in subsequent cases. The sole basis for our decision to affirm the sentence in *Deandrade* was that the erroneously-calculated mandatory minimum "had no influence on the sentence that was imposed." 600 F.3d at 120. Here, our review of the record leads us to the opposite conclusion—that the error in calculating the mandatory minimum *did* affect Sanchez's sentence.

The other two cases relied upon by the Government are not to the contrary. In *Sapia v. United States*, we declined to remand solely because there was "no indication that any error affected the

sentence." 433 F.3d 212, 218 (2d Cir. 2005). And in *United States v. Dominguez*, the Government conceded that the mandatory minimum was miscalculated, but we concluded that that error too was harmless. 393 F. App'x 773, 779 (2d Cir. 2010) (summary order). Although the *dicta* in *Dominguez*—a non-precedential summary order—was perhaps phrased more broadly than necessary, the sole basis for our *holding* was that the error had not affected the sentence imposed. Again, in this case, unlike in *Sapia* and *Dominguez*, we have concluded that the error in calculating the mandatory minimum *did* affect Sanchez's sentence and that, therefore, a remand is required.[4]

Accordingly, based upon our review of the record, we conclude that Sanchez has met his burden under plain error review to establish that his substantial rights were affected. *See United States v. Olano*, 507 U.S. 725, 734 (1993).

### B.  The Fairness and Integrity of Sanchez's Sentence

We next assess whether this error seriously affected the "fairness, integrity or public reputation of judicial proceedings." *Marcus*, 560 U.S. at 262; *see also Puckett v. United States*, 556 U.S. 129, 135 (2009); *Tarbell*, 728 F.3d at 126.

---

[4] Because we conclude that a remand is required under our precedents, we do not address Sanchez's primary argument—that the Supreme Court's decision in *Alleyne v. United States*, 133 S. Ct. 2151 (2013), requires us to find prejudice *whenever* a sentencing judge miscalculates the mandatory minimum sentence.

As stated above, the assumption of a 20-year minimum sentence permeates the record, and the District Court never stated affirmatively that it had not considered the miscalculated mandatory minimum in imposing its 288-month sentence. Indeed, the record strongly suggests that the District Court relied on the incorrect minimum in imposing sentence. If this error were to stand uncorrected, Sanchez might face a longer sentence—perhaps substantially longer—than he otherwise would. We therefore conclude that the fairness and integrity of judicial proceedings were seriously affected by the District Court's error. *Cf., e.g.*, *United States v. Folkes*, 622 F.3d 152, 158 (2d Cir. 2010) (vacating and remanding sentence affected by inflated Guidelines range on plain-error review).

Accordingly, we vacate and remand for resentencing. We of course intimate no view as to the sentence that should be imposed on remand or as to the substantive reasonableness of the 288-month sentence the District Court imposed.

## CONCLUSION

To summarize, we hold that, in the circumstances presented here, Sanchez's rights were substantially affected and the fairness and integrity of the judicial proceedings were seriously compromised—that is, there was "plain error"—where Sanchez's mandatory minimum sentence was miscalculated and where the record reflects that this miscalculation had an impact on the sentence imposed.

For the reasons set forth above, we **VACATE** the sentence and **REMAND** the cause for resentencing consistent with this Opinion.