15-4141-cr
*United States v. Rivera*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of January, two thousand seventeen.

PRESENT:
> PETER W. HALL,
> CHRISTOPHER F. DRONEY,
> > *Circuit Judges*,
> VICTOR A. BOLDEN,[*]
> > *District Judge*.

---

UNITED STATES OF AMERICA,

> *Appellee*,

> v.                                                                    15-4141-cr

REINALDO ENRIQUE RIVERA,

> *Defendant-Appellant*,

SAMUEL APONTE-VEGA, AKA Sammy, FRANK RIVERA, AKA Frankie, ROBERTO COTTO, AKA Chino, GLADYS RODRIGUEZ, AKA Tatita, WILLIAM R. AYALA, AKA Compy, HECTOR VILLANUEVA, MARTIN ROSARIO, GEORGE L. HADDOCK, RIGOBERTO LA MADRID, AKA Rico, JESUS M. CRUZ,

> *Defendants*.

---

[*] Judge Victor A. Bolden, of the United States District Court for the District of Connecticut, sitting by designation.

For Appellee:                                BENET J. KEARNEY AND BRIAN R. BLAIS, Assistant United States Attorneys, *for* Preet Bharara, United States Attorney for the Southern District of New York.

For Defendant-Appellant:                YUANCHUNG LEE, Assistant Federal Public Defender, Federal Defenders of New York, Inc.

Appeal from a judgment of the United States District Court for the Southern District of New York (Duffy, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the case is **REMANDED**.

Defendant-Appellant Reinaldo Rivera appeals from an order of the United States District Court for the Southern District of New York (Duffy, *J.*), granting, in part, his motion for a sentence reduction. Rivera was originally sentenced to a term of life imprisonment for various drug related offenses, including engaging in a continuing criminal enterprise ("CCE") in violation of 21 U.S.C. § 848(a). Following the amendment of § 2D1.1(c) to the United States Sentencing Guidelines ("U.S.S.G.") on November 1, 2014, reducing the base offense level for offenses involving controlled substances, *see* U.S.S.G. § 2D1.1(c); U.S.S.G. Supp. App. C, Amend. 782, Rivera moved pursuant to 18 U.S.C. § 3582(c)(2) for a reduction in his sentence. Because the amendment to § 2D1.1(c) functioned to reduce his total offense level by two levels, Rivera sought to be resentenced to a term of 360 months based on the new, reduced Guidelines range of 360 months to life. On December 22, 2015, the district court granted the motion, reducing Rivera's sentence from life, but only to 420 months' imprisonment. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

On appeal, Rivera's principal contention is that that the district court erred in sentencing him to 420 months' imprisonment because it mistakenly concluded that he was subject to a 30-year— rather than 20-year— mandatory minimum for the CCE conviction. The Government concedes that the district court erred in calculating the mandatory minimum but nonetheless argues that such error did not affect Rivera's substantial rights in that the court would have imposed the same sentence regardless. We disagree because we cannot conclude from this record, however, that the district court would have imposed the same sentence absent the error.

This Court reviews *de novo* whether a defendant is eligible for a sentence reduction. *United States v. Main*, 579 F.3d 200, 202–03 (2d Cir. 2009). We review a denial of a motion to reduce a defendant's sentence under § 3582(c)(2) for abuse of discretion, *United States v. Borden*, 564 F.3d 100, 104 (2d Cir. 2009), noting that the Government does not dispute Rivera's eligibility for a reduction. When, as here, a defendant fails to object to an alleged sentencing error before the district court, we review for plain error. *United States v. Villafuerte*, 502 F.3d 204, 207 (2d Cir. 2007). An appellate court may, in its discretion, correct a plain error where "the appellant demonstrates that (1) there is an 'error'; (2) the error is 'clear or obvious, rather than subject to reasonable dispute'; (3) the error 'affected the appellant's substantial rights, which in the ordinary case means' it 'affected the outcome of the district court proceedings'; and (4) 'the error seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.'" *United States v. Marcus*, 560 U.S. 258, 262 (2010) (alteration in original) (quoting *Puckett v. United States*, 556 U.S. 129, 135 (2009)). The dispositive issue is thus whether the application of an incorrect mandatory minimum in determining Rivera's new sentence constitutes plain error warranting remand. We conclude that it does.

Under 21 U.S.C. § 848(a) a defendant who engages in a continuing criminal enterprise "shall be sentenced to a term of imprisonment which may not be less than 20 years and which may be up to life imprisonment." Section 848(a) further provides that if a defendant "engages in such activity

3

after one or more prior convictions of him under this section have become final, he shall be sentenced to a term of imprisonment which may not be less than 30 years and which may be up to life imprisonment . . . ." Here, it is undisputed that the mandatory minimum applicable to Rivera's CCE conviction is only 20 years—not 30—because he has no prior convictions under § 848(a). The district court, therefore, erred in concluding that Rivera faced a mandatory minimum of 30 years for the CCE conviction.

In order to affect a defendant's substantial rights, as required for a finding of plain error, "an error in calculating the mandatory minimum must have made a difference in the defendant's sentence." *United States v. Sanchez*, 773 F.3d 389, 392 (2d Cir. 2014). The application of the wrong mandatory minimum when sentencing a defendant may be deemed plain error where the record does not clearly demonstrate that the district court would have arrived at the same sentence absent the miscalculation. *Cf. Williams v. United States*, 503 U.S. 193, 203 (1992) ("[I]n determining whether a remand is required under § 3742(f)(1), a court of appeals must decide whether the district court would have imposed the same sentence had it not relied upon the invalid factor or factors."); *Molina-Martinez v. United States*, 136 S.Ct. 1338, 1347–48 (2016) (recognizing that "there [was] at least a reasonable probability that the District Court would have imposed a different sentence" absent the miscalculated Guidelines range when the court "said nothing to suggest that it would have imposed [the same] sentence regardless of the Guidelines range"). To determine whether the district court's erroneously-calculated mandatory minimum affected Rivera's sentence, we look to the "record as a whole." *Sanchez*, 773 F.3d at 392.

Relying primarily on *United States v. Deandrade*, the Government contends that because the district court merely noted the mandatory minimum for Rivera's CCE conviction—albeit incorrectly—and otherwise imposed a sentence of 420 months (60 months greater than the correct minimum), application of the mandatory minimum did not influence the sentenced imposed. *United*

4

*States v. Deandrade*, 600 F.3d 115, 120 (2d. Cir. 2010) (concluding that the district court's erroneously-calculated mandatory minimum did not make a difference to the sentence because the defendant's Guidelines' range was well above the mandatory minimum and the district court specifically stated that it was imposing a sentence that was "greater than 20 years *without regard to the mandatory minimum*"). Unlike *Deandrade*, in which the mandatory minimum was specifically noted by the district court as irrelevant to the sentence imposed, here the district court did not explicitly disclaim reliance on the mandatory minimum. Rather, the record indicates that the court operated on the flawed conclusion that the mandatory minimum was 30 years. The court stated that the mandatory minimum for Rivera's CCE conviction was 30 years and explained that in light of Rivera's criminal history and the large amount of heroin involved in the underlying conspiracy, 420 months' incarceration was appropriate. The mere fact that Rivera's sentence was greater than the correct mandatory minimum will not, without more, suffice to show that the district court would have reached the same conclusion regardless of the error. Based on the record before us, we are not convinced that that the error did not influence Rivera's sentence. *Cf. Sanchez*, 773 F.3d at 392–93 (holding that where sentencing court did not mention the mandatory minimum but considered both parties' arguments which relied on a miscalculated mandatory minimum, the "error in calculating the mandatory minimum *did* affect Sanchez's sentence"). The district court's application of an erroneous mandatory minimum accordingly affected Rivera's substantial rights, and remand is appropriate so that this error can be corrected.

The district court, now cognizant of the correct mandatory minimum sentence to which Rivera was subject, may determine whether it would have imposed a different sentence had it been aware of the correct information. If it determines it would have imposed a different sentence, it should vacate the present sentence and resentence Rivera to the sentence it would have imposed. *Cf. United States v. Crosby*, 397 F.3d 103, 120 (2d Cir. 2005) ("[W]ithout requiring alteration of

5

Crosby's sentence, we will remand the case to the District Court so that [it] may consider, based on the circumstances at the time of the original sentence, *whether* to resentence, after considering the currently applicable statutory requirements as explicated in *Booker/Fanfan* and this opinion.").

We decline to address Rivera's remaining arguments for *vacatur* because we conclude that remand is warranted for the reasons previously explained. We therefore **REMAND** the case for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk