16-4022-cr (L)
United States v. Brooks

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of November, two thousand eighteen.

PRESENT:   JOHN M. WALKER, JR.,
                 PIERRE N. LEVAL,
                 CHRISTOPHER F. DRONEY,
                         *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

                 *Appellee-Cross-Appellant*,

            v.                                                            16-4022-cr (L),
                                                                          16-4288-cr (XAP)

LOIS BROOKS, A/K/A STACKS,

                 *Defendant-Appellant-Cross-Appellee.*

_____

FOR APPELLEE-CROSS-APPELLANT: NOAH SOLOWIEJCZYK, (Daniel B. Tehrani, Assistant United States Attorneys, *on the brief*) for Geoffrey S. Berman, United States Attorney for the Southern District of New York, New York, NY.

1

FOR DEFENDANT-APPELLANT-         ANDREW MARK ST. LAURENT,
CROSS-APPELLEE:                  Harris, St. Laurent & Chaudhry
                                 LLP, New York, NY.

Appeal from the United States District Court for the Southern District of New York (Buchwald, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED** in part and **VACATED** and **REMANDED** in part.

Defendant-Appellant-Cross-Appellee, Lois Brooks ("Brooks"), appeals from the district court's judgment of conviction entered on November 17, 2016, following her guilty plea. On appeal, Brooks contends that her guilty plea was not knowing and voluntary. Appellee-Cross-Appellant, the United States of America (the "Government"), appeals Brooks's three year term of supervised release because it is less than the statutory mandatory minimum term of five years.

For the reasons explained below, we affirm the district court's acceptance of the guilty plea and judgment of conviction but we vacate the district court's sentence insofar as it set the duration of supervised release and remand to the district court for a new sentencing hearing on the supervised release term. We assume the parties' familiarity with the facts and record of prior proceedings, which we briefly summarize as necessary to explain our decision. We then turn to the merits of this appeal.

## I.  Brooks's Guilty Plea and Sentence

On December 1, 2014, Brooks was charged by a criminal complaint with sex trafficking of a minor. Brooks was arrested on December 8, 2014, subsequently waived indictment, and was charged through an information of conspiracy to engage in sex trafficking in violation of 18 U.S.C. § 1594(c), sex trafficking of a minor victim in violation of 18 U.S.C. § 1591(a) and (b)(2), use of interstate commerce to promote unlawful activity in violation of 18 U.S.C. § 1952(a)(3), and sex trafficking by force, fraud, or coercion, in violation of 18 U.S.C. § 1591(a), (b)(1), and (b)(2).

On June 28, 2016, Brooks pleaded guilty to a superseding information pursuant to a plea agreement with the United States Attorney's Office for the Southern District of New York. Brooks pleaded guilty to the two counts in the superseding information: conspiracy

2

to commit sex trafficking of a minor in violation of 18 U.S.C. § 1594(c), and the use of interstate commerce to promote unlawful activity in violation of 18 U.S.C. § 1952(a)(3). The parties stipulated in the plea agreement and plea proceeding to a Sentencing Guidelines range of 87 to 108 months' imprisonment.

At the beginning of the plea hearing, Brooks informed the district court that she was being treated for "mood disorder and bipolar depression" and that she was on medication for those conditions but could not identify the particular medication because it had "changed a lot." The district court then asked Brooks if the medication had an effect on her "ability to understand and have conversations with people," and she answered that it did not. The district court also asked Brooks to alert the court if she was having difficulty understanding the court. Following a recitation by the government of the elements of both charges, Brooks indicated that she understood them and that she was waiving various rights, which the district court had reviewed with her.

Brooks also stated before the district court that she had read and understood the plea agreement, discussed it with her lawyer, and that her plea was voluntary. Brooks acknowledged that the plea agreement included a stipulated Guidelines range of between 87 and 108 months' imprisonment. Brooks then gave her own account of her conduct, which supported the counts of conviction, and admitted to transporting a 17-year-old for the purpose of having her engage in a commercial sex act. The district court accepted the plea, concluding that Brooks understood its charges and consequences, that it was made knowingly and voluntarily, and that there was a factual basis to support the plea.

Brooks's lawyer subsequently submitted a sentencing memorandum on her behalf to the district court, which discussed the difficult circumstances of her life, including the sexual and physical abuse that she suffered as a child, her time spent as a sex worker, her kidnapping by a rival pimp and his accomplices, and her subsequent cooperation with law enforcement to prosecute her kidnappers. Brooks's memorandum also noted that she had been assessed with a full-scale IQ of 78 in 1994 and that later tests, in which she scored a 70 and 77, had placed her in the range of borderline developmental disability, she had tested in the "extremely low range" of nonverbal reasoning, and she "was diagnosed with attention deficit/hyperactivity disorder, learning disorder, dysthymic disorder . . . , and borderline intellectual functioning." A. 65. The memo also included information related to her suspected prenatal alcohol and drug exposure, history of lead poisoning, and seizure disorder. Brooks moved to withdraw her guilty plea after judgment was entered, but the district court converted that motion to a petition under 28 U.S.C. § 2255 on the basis of ineffective assistance of counsel. That petition was denied by the district court and the claim of ineffectiveness of counsel is not before us in this appeal.

3

Brooks was sentenced by the district court on November 16, 2016. The district court imposed a non-Guidelines sentence of 48 months' incarceration. The district court also entered a forfeiture order and placed Brooks on supervised release for three years following her imprisonment.

Brooks challenges on appeal the knowing and voluntary nature of her plea. The Government has filed a cross appeal, arguing that the district court was required to impose a five-year mandatory minimum period of supervised release.

## II.    Voluntariness of the Guilty Plea

To satisfy due process, *Wilson v. McGinnis*, 413 F.3d 196, 199 (2d Cir. 2005), a district court may only accept a guilty plea where there is "an affirmative showing that it was intelligent and voluntary," *Boykin v. Alabama*, 395 U.S. 238, 242 (1969). "Rule 11 [of the Federal Rules of Criminal Procedure] sets forth requirements for a plea allocution and is designed to ensure that a defendant's plea of guilty is a voluntary and intelligent choice among the alternative courses of action open to the defendant." *United States v. Andrades*, 169 F.3d 131, 133 (2d Cir. 1999) (internal quotation marks and citations omitted).

Under Rule 11, after a defendant is sentenced, a guilty plea may be set aside on direct appeal or collateral attack. Fed. R. Crim. P. 11(e). "To successfully challenge a guilty plea conviction based on a Rule 11 violation, a petitioner must establish that the violation constituted a 'constitutional or jurisdictional' error, or establish that the error resulted in a 'complete miscarriage of justice,' or in a proceeding 'inconsistent with the rudimentary demands of fair procedure.'" *Zhang v. United States*, 506 F.3d 162, 168 (2d Cir. 2007) (quoting *United States v. Timmreck*, 441 U.S. 780, 783 (1979)). We evaluate whether a plea is knowing and voluntary by looking to the "totality of the relevant circumstances" under which the plea is taken. *Hanson v. Phillips*, 442 F.3d 789, 798 (2d Cir. 2006). In order to withdraw a guilty plea, a "defendant must raise a significant question about the voluntariness of the original plea." *United States v. Torres*, 129 F.3d 710, 715 (2d Cir. 1997).

Brooks maintains that her guilty plea was not knowing and voluntary because of her borderline intellectual disability, complex history of mental illness, and her likely exposure to alcohol before birth, and lead paint during her early childhood.[1] Brooks argues that

---

[1] To the extent that Brooks is also arguing that her psychiatric medications provide a basis for a finding that the plea agreement was involuntary, we reject that argument as well. The district court, during the plea

testimony developed during a subsequent 28 U.S.C. § 2255 hearing does provide such a basis. In relevant part, that hearing included testimony from a forensic social worker called by Brooks[2] that "there were indications and signs and symptoms as well as documentation in the records that" Brooks suffered from "intellectual and cognitive impairments." Supp. A. at 10. She also testified that Brooks's cognitive condition would require her defense counsel to "be[] very clear and careful in how [he] was explaining" the plea agreement and her options, and explained that "[i]t meant that there were things that she needed to hear repeatedly and needed to be broken down in the most basic terms and repeated multiple times to make sure that she understood what was involved." *Id.* While the district court denied the § 2255 application, it did find the social worker's testimony credible. Brooks argues that, based on this testimony, she could not have understood the legal concepts explained in the plea colloquy unless they were explained to her in basic terms multiple times and thus her guilty plea could not have been knowing and voluntary. Brooks asks this Court to remand to the district court for an evidentiary hearing on the voluntariness of Brooks's plea.

We need not reach the question of whether the social worker's testimony is admissible on appeal because we conclude that, even considering this evidence, the district court did not err in accepting the plea as knowing and voluntary.[3] Though Brooks has borderline developmental disabilities, the record reflects that she understood the trial judge's questions during the plea colloquy and the district court made sure Brooks knew she should notify the court if she had any questions. *See United States v. Powell*, 249 F. Supp. 3d 617, 624-25 (EDNY 2017) (finding a person with a borderline intellectual disability can knowingly and voluntarily plead guilty). Brooks also described her criminal conduct to the district court, which indicated her understanding of the charges she was facing.

---

agreement, asked Brooks whether the medications impacted her ability to understand the proceedings. A. 47. Brooks confirmed that they did not. *Id.* The district court complied with Rule 11's requirements regarding the use of psychiatric drugs. *United States v. Rossillo*, 853 F.2d 1062, 1067 (2d Cir. 1988). Moreover, Brooks's confirmation at the hearing that she was entering the plea voluntarily and that she understood her rights further undermines these claims.

[2] The witness, Melissa Lang, had been retained by Brooks as a "mitigation specialist" for her sentencing hearing.

3 Brooks has filed a motion asking us to take judicial notice of, and supplement the record on appeal with, the district court's decision as to her § 2255 petition. Dkt. No. 59. She also requests that we supplement the record with testimony provided in connection with her petition. *Id.* We now grant her motion but, for the reasons explained, find that the supplemented record does not affect our conclusion.

5

Moreover, at the plea hearing, her counsel stated that he did not have any reason to believe Brooks ought not to plead guilty, A. 59; *see United States v. Kirsh*, 54 F.3d 1062, 1071 (2d Cir. 1995) ("A failure by trial counsel to indicate that the defendant had any difficulty in assisting in preparation or in comprehending the nature of the proceedings provides substantial evidence of the defendant's competence.") (internal quotation marks omitted), and Brooks had a lengthy discussion with the social worker related to the implications of her guilty plea and her concerns regarding the length of a potential prison sentence.

Taken together, the evidence shows that Brooks had a "rational as well as actual understanding of the proceedings against [her]," *Godinez v. Moran*, 509 U.S. 389, 396 (1993), and that her guilty plea was knowing and voluntary. We affirm the district court's acceptance of Brooks's guilty plea.

## III.    The Supervised Release Term

The Government's cross-appeal contends that the district court erred in sentencing Brooks to three years of supervised release because the mandatory minimum term of supervised release for a violation of 18 U.S.C. § 1594(c) is five years under 18 U.S.C. § 3583(k). The Government concedes that it did not raise this objection until after the written judgment was issued by the district court, and thus it is reviewed under a plain error standard. Appellee Br. 26. To establish plain error, the Government must show "(1) there is an error; (2) the error is clear or obvious, rather than subject to reasonable dispute; (3) the error affected the appellant's substantial rights, which in the ordinary case means it affected the outcome of the district court proceedings; and (4) the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *United States v. Tarbell*, 728 F.3d 122, 126 (2d Cir. 2013) (quoting *United States v. Marcus*, 560 U.S. 258, 262 (2010)).

In this instance, there was clearly an error that was plain. In relevant part, 18 U.S.C. § 3583(k) provides, "the authorized term of supervised release . . . for any offense under section . . . § 1594(c) . . . is any term of years not less than 5, or life." This mandatory minimum term of five years supervised release was included in the plea agreement and discussed at the plea hearing. Because the district court sentenced Brooks to a 3 year term of supervised release, it plainly erred.

Having found plain error, we turn to the question of whether the Government's substantial rights were affected. Because Brooks's term of supervised release was two years shorter than was required by statute, the Government argues that its substantial rights were

affected. We have previously found that errors in imposing mandatory minimums, when they affect a defendant's sentence, do affect that defendant's substantial rights. *United States v. Sanchez*, 773 F.3d 389, 392-93 (2d Cir. 2014). We conclude, too, that when there is an error in applying a mandatory minimum to a defendant such that they receive a sentence shorter than mandated, the Government's substantial rights are similarly affected.

Finally, the Government argues that because mandatory minimums were intended by Congress to apply to all defendants convicted of the crimes for which the minimums exist, the failure to apply the mandatory minimum period of supervised release affects the "fairness, integrity or public reputation" of the proceeding. Brooks does not offer an argument to the contrary. We agree with the Government that the fairness of the proceeding has been affected by the district court's error. As such, we vacate the part of the sentence that sets the duration of supervised release and remand to the district court for resentencing with further consideration of the mandatory minimum sentence of five years supervised release.

For the reasons stated above, we **AFFIRM** in part and **VACATE** and **REMAND** in part the district court's judgment for further consideration of the supervised release sentence in light of this summary order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

7