19-733-cr
*U.S. v. Kochonies*

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of September, two thousand twenty.

PRESENT: José A. Cabranes,
Barrington D. Parker, Jr.,
Michael H. Park,
*Circuit Judges.*

_____

UNITED STATES OF AMERICA,

        *Appellee,*                        19-733-cr

        v.

RAYMOND KOCHONIES,

        *Defendant-Appellant.*

_____

| | |
|---|---|
| **FOR APPELLEE:** | ARTIE MCCONNELL (Susan Corkery*, on the brief*), Assistant United States Attorneys *for* Richard P. Donoghue, United States Attorney for the Eastern District of New York, Brooklyn, NY. |
| **FOR DEFENDANT-APPELLANT:** | STEPHANIE M. CARVLIN, Law of Office of Stephanie M. Carvlin, New York, NY. |

1

Appeal from a judgment of the United States District Court for the Eastern District of New York (Sterling Johnson, *District Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the appeal is **DISMISSED**.

Defendant-Appellant Raymond Kochonies ("Defendant") appeals from a judgment of conviction entered on March 5, 2019, following a plea of guilty to receipt of child pornography, in violation of 18 U.S.C. § 2252(a)(2). He was sentenced principally to 144 months' imprisonment. The Government has moved this Court to dismiss the appeal considering Defendant's written plea agreement, wherein Defendant expressly waived his right to appeal any sentence equal to or less than 235 months' imprisonment. Defendant opposes the motion, arguing that in light of the record as a whole—including the District Court's alleged failure to properly inform him of and determine that he understood the terms of his appellate waiver in accordance with Federal Rule of Criminal Procedure 11(b)(1)(N)—his waiver was not entered knowingly and is therefore unenforceable. Defendant does not, however, seek to vacate his plea or challenge his conviction; he challenges only the procedural and substantive reasonableness of his sentence, as well as the enforceability of the appellate waiver. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Defendant asks us to invalidate his waiver because the record reveals that it was not entered knowingly.[1] He argues principally that the District Court failed to ensure at his plea hearing that he understood that he was waiving the right to appeal. *See* Fed. R. Crim. P. 11(b)(1)(N). Although "[w]aivers of the right to appeal a sentence are presumptively enforceable," *United States v. Burden*, 860 F.3d 45, 51 (2d Cir. 2017), it is well established that we will not enforce a waiver of appellate rights when the "waiver was not made knowingly, voluntarily, and competently." *United States v. Gomez-Perez*, 215 F.3d 315, 319 (2d Cir. 2000). A district court's failure "to comply with the important strictures of Rule 11" may render an appellate waiver invalid. *United States v. Lloyd*, 901

---

[1] In a footnote, Defendant also argues that the waiver is not enforceable because the District Court did not articulate any rationale for the sentence imposed. *See United States v. Yemitan*, 70 F.3d 746, 748 (2d Cir. 1995). That argument is belied by the record. At sentencing, the District Court expressly noted why the offense conduct was particularly troubling (*e.g.*, Defendant's pattern of targeting underage girls online; Defendant's practice of threating to publicize explicit images he received from his minor victims unless they continued to send him additional images/videos, in which he demanded they perform increasingly intrusive sex acts upon themselves). Additionally, the District Court provided a Statement of Reasons, wherein it adopted the findings in the Presentence Report in their entirety and checked off multiple factors that are considered under 18 U.S.C. § 3553(a).

F.3d 111, 118 (2d Cir. 2018). "In assessing the likely effect of a Rule 11 error, we are to examine the entire record." *United States v. Torrellas*, 455 F.3d 96, 103 (2d Cir. 2006).

Because Defendant failed to raise this claim before the District Court, we review it for plain error. *Lloyd*, 901 F.3d at 118. A challenge may survive plain error review only where "(1) there is an error; (2) the error is clear or obvious. . . ; (3) the error affected the appellant's substantial rights. . . .; and (4) the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *United States v. Sanchez*, 773 F.3d 389, 391 (2d Cir. 2014).

Federal Rule of Criminal Procedure 11(b)(1)(N) requires the court to "inform the defendant of, and determine that the defendant understands, . . . the terms of any plea-agreement provision waiving the right to appeal or to collaterally attack the sentence." Defendant argues that the District Court failed to satisfy that requirement because he addressed the appellate waiver provision in the form of a compound question, lumping the appellate-waiver discussion in with the other defenses waived in the agreement. The colloquy, however, was not as ambiguous as Defendant suggests. The District Court stated:

> Now, in paragraph four of Court Exhibit 24 No. 1 [the written, signed plea agreement], you have agreed that if the Court imposes a sentence of 235 months or below that you will waive your defenses to the statute of limitations, venue, and that you agree to pay a special assessment of $100 by certified check to the Clerk of the Court before sentencing, that you will not file an appeal or otherwise challenge by using a 2255 your conviction or the sentence. Do you understand that?

Confidential Appendix at 71–72.

The Defendant responded, "what's a 2255?" After conferring with his counsel, he then responded, "okay, yes." *Id.* at 72. Notably, the Defendant focused his attention on the appellate waiver portion of the District Court's question and conferred with counsel before answering in the affirmative. We have taken pains to stress to district courts that "before accepting a guilty plea, the District Court *must personally inform* the defendant about the listed consequences of his guilty plea and *ensure* that the defendant understands them." *Lloyd*, 901 F.3d at 119 (original emphasis). Perhaps it would have been more prudent for the District Court to have broken out the appellate-waiver inquiry into a distinct question. Defendant does not, however, draw our attention to any authority that suggests that the failure to do so is necessarily error. *See United States v. Cook*, 722 F.3d 477, 482 (2d Cir. 2013) (concluding that district court properly addressed waiver provision during plea colloquy where there was "no realistic possibility that the defendant might have misunderstood the nature or source of the waiver") (alteration omitted). We need not reach that conclusion because we conclude that there was no plain error: any purported error did not affect Defendant's substantial rights.

The parties disagree on the correct standard to determine whether the error affected Defendant's substantial rights in this context.[2] The Government urges that in the Rule 11 context, the substantial-rights prong "require[s] that a defendant show a reasonable probability that, but for the error, he would not have entered the plea." *Lloyd*, 901 F.3d at 119 (internal quotation marks omitted). This standard stems from the Supreme Court's decision in *United States v. Dominguez Benitez*, 542 U.S. 74 (2004). Defendant argues that the *Dominguez Benitez* standard does not apply where, as in this appeal, the defendant seeks only to invalidate his appellate waiver, and that statements of this Court suggesting otherwise are dicta. *See Tellado v. United States*, 745 F.3d 48, 54-55 (2d Cir. 2014); *Cook*, 722 F.3d at 482-83. In support of that contention, he points to decisions of several of our Sister Circuits, which declined to apply the *Dominguez Benitez* standard to the substantial-rights prong of plain-error review where a defendant challenges only the waiver and not the conviction or plea. *United States v. Corso*, 549 F.3d 921, 929 (3d Cir. 2008); *United States v. Murdock*, 398 F.3d 491, 496-97 (6th Cir. 2005); *United States v. Arellano-Gallegos*, 387 F.3d 794, 797 (9th Cir. 2003); *see also United States v. Villodas-Rosario*, 901 F.3d 10, 16 (1st Cir. 2018) (suggesting, without deciding, that the *Dominguez Benitez* standard is not applicable where defendant challenges only the enforceability of the appellate waiver).[3] Defendant urges us to apply the alternative standard articulated in these out-of-Circuit precedents—namely, that he need only "show a reasonable probability that the Rule 11 error precluded him from understanding that he had a right to appeal and that he had substantially agreed to give up that right." *Corso*, 549 F.3d at 929 (internal quotation marks omitted). We need not resolve the dispute as to what standard applies here because we conclude that Defendant's challenge fails under the standard he suggests. That is, Defendant has not established a reasonable probability that the asserted Rule 11 error prevented him from understanding that he had a right to appeal and was giving up that right.

Upon review of the entire record, we are satisfied that Defendant knew he was waiving his right to appeal a sentence equal to or less than 235 months' imprisonment. The appellate waiver was included in the written plea agreement that was signed by both Defendant and his counsel. The agreement further specifies that Defendant "read the entire agreement and discussed it with [his] attorney [and that he] understands all of its terms and enter[s] into it knowingly." Redacted Appendix

---

[2] We addressed (but did not resolve) this very issue in *United States v. Pagliuca*, 767 F. App'x 93 (2d Cir. 2019) (non-precedential order), which aptly describes the relevant precedents and arguments in greater detail.

[3] There is a circuit split on this issue. Several of our Sister Circuits have applied *Dominguez Benitez* to Rule 11 errors where defendants challenge the appellate waiver that bars their sentencing appeals. *See United States v. Crain*, 877 F.3d 637, 639, 643-45 (5th Cir. 2017); *United States v. Tanner*, 721 F.3d 1231, 1235-36 (10th Cir. 2013) (per curiam).

at 48. The District Court also confirmed during the Rule 11 colloquy in open court that Defendant signed the agreement. Additionally, the District Court—as described above—expressly addressed the appellate-waiver provision during the plea colloquy. After conferring with counsel as to the collateral attack aspect of the appellate waiver, Defendant responded that he understood the waiver.

Defendant also points to other aspects of the plea colloquy as coloring both the adequacy of the District Court's waiver discussion and his general understanding (or lack thereof) of his appellate waiver. Specifically, he notes that he frequently asked the District Court for clarifications throughout the colloquy and often conferred with his lawyer before answering. He also notes that his behavior was abnormal in that he responded to some of the Court's inquiries in the plural possessive (*e.g.*, referring to himself as "we"). Immediately prior to the plea colloquy, the District Court held a hearing to determine whether Defendant was mentally competent to enter a plea. An impartial medical expert testified that despite certain oddities, such as Defendant's use of the plural possessive, he was competent. The District Court then found that Defendant was competent. Defendant did not challenge that determination then and does not challenge it now. Appellant's Brief at 41. In considering the record as a whole, we are unable to credit Defendant's contention that his frequent consultations with counsel and his use of the plural possessive throughout the colloquy should alter our conclusion that he has not established a reasonable probability that the asserted Rule 11 errors on the part of the District Judge prevented him from understanding that he had a right to appeal and that he was waiving that right.

## CONCLUSION

For the foregoing reasons, the appeal in this case is **DISMISSED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk