United States v. Woodhouse

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of June, two thousand twenty-one.

PRESENT:
> ROBERT D. SACK,
> GERARD E. LYNCH,
> MICHAEL H. PARK,
> *Circuit Judges.*

---

UNITED STATES OF AMERICA,

*Appellee*,

v.                                                              **15-2632**

HANLEY GOMEZ,
DONALD WALLACE,
FRANLI SANTIAGO,
LINDA TREAMVICHARNKUL,

*Defendants*,

DARNELL WOODHOUSE,

*Defendant-Appellant.*

---

FOR DEFENDANT-APPELLANT:          John A. Cirando, D.J. & J.A. Cirando, PLLC, Syracuse, NY.

**FOR APPELLEE:** Edward B. Diskant, Assistant United States Attorney, *for* Audrey Strauss, United States Attorney for the Southern District of New York, New York, NY.

Appeal from the United States District Court for the Southern District of New York (Scheindlin, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Darnell Woodhouse appeals from a judgment entered on August 5, 2015, sentencing him principally to six years' imprisonment, followed by three years' supervised release.  In 2014, Woodhouse helped plan and attempted to execute an armed robbery of drug dealers whom he expected would be carrying approximately twenty kilograms of cocaine and two kilograms of heroin.  The government charged Woodhouse with: (1) conspiracy to distribute and possess with intent to distribute at least five kilograms of cocaine and one kilogram of heroin, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) (Count One); (2) conspiracy to commit an armed robbery of individuals believed to be engaged in narcotics trafficking ("Hobbs Act robbery"), in violation of 18 U.S.C. § 1951 (Count Two); and (3) possession of a firearm during a crime of violence or drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1)(A) (Count Three).  Pursuant to a written agreement, Woodhouse pled guilty to Counts Two and Three.  As relevant here, the plea agreement described Woodhouse's conviction for unlawful use of a firearm during a crime of violence or drug trafficking offense (Count Three) as being predicated on Hobbs Act robbery conspiracy.  On appeal, Woodhouse challenges his Count Three conviction on the grounds that Hobbs Act robbery conspiracy no longer qualifies as a "crime of violence" following

2

*United States v. Davis*, 139 S. Ct. 2319 (2019), and *United States v. Barrett*, 937 F.3d 126 (2d Cir. 2019). We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

"Because [Woodhouse] did not challenge the validity of his conviction under § 924(c) before the District Court, we review his conviction for plain error." *United States v. Hendricks*, 921 F.3d 320, 326 (2d Cir. 2019), *cert. denied*, 140 S. Ct. 870 (2020). "Plain error exists where '(1) there is an error; (2) the error is clear or obvious, rather than subject to reasonable dispute; (3) the error affected the appellant's substantial rights . . . ; and (4) the error seriously affects the fairness, integrity or public reputation of judicial proceedings.'" *United States v. Sanchez*, 773 F.3d 389, 391 (2d Cir. 2014) (quoting *United States v. Tarbell*, 728 F.3d 122, 126 (2d Cir. 2013)). The government concedes that the district court erred but contends that such error did not affect Woodhouse's substantial rights. "An error affects the defendant's substantial rights when it is prejudicial—that is, when there is a 'reasonable probability' that the error affected the outcome of the proceeding." *United States v. Dussard*, 967 F.3d 149, 156 (2d Cir. 2020) (quoting *United States v. Dominguez Benitez*, 542 U.S. 74, 82 (2004)). "In a case such as this, in which the outcome was a conviction based on a plea of guilty, the appellant must show that there is a reasonable probability that, but for the error, he would not have pleaded guilty." *Id.*

There is no reasonable probability that absent the district court's error, Woodhouse would not have pled guilty. As reflected in Woodhouse's plea agreement and as he admitted at his plea allocution, the object of the robbery conspiracy was a significant quantity of cocaine and heroin. The government also had substantial evidence that Woodhouse committed the drug trafficking offense for which he was also charged. Thus, although Woodhouse's § 924(c) conviction was

3

predicated on the Hobbs Act robbery conspiracy charge, it just as easily could have been based on the drug trafficking charge, and Woodhouse need not have been charged with, pleaded guilty to, or been convicted of the latter for his Section 924(c)(1)(A) conviction to be valid. *See Johnson v. United States*, 779 F.3d 125, 129–30 (2d Cir. 2015) ("The plain language of § 924(c) requires only that the predicate crime of violence (or drug trafficking) have been committed; the wording does not suggest that the defendant must be separately charged with that predicate crime and be convicted of it.").

Woodhouse also had a significant incentive to plead guilty. As part of his plea agreement, the government agreed not to prosecute him on Count One, which carried a ten-year mandatory minimum that would have run consecutively to the five-year mandatory minimum on Count Three. *See* 18 U.S.C. § 924(c)(1)(A); 21 U.S.C. § 841(b)(1)(A). The government also agreed not to file a prior felony information, which would have raised the mandatory minimum on Count One from ten to fifteen years. *See* 21 U.S.C. § 841(b)(1)(A). In sum, Woodhouse would have had nothing to gain—and at least ten years to lose—if he had rejected his plea deal based on the technicality of the crime underlying his § 924(c) conviction.

We have considered Woodhouse's remaining arguments and conclude that they are without merit. For the foregoing reasons, we **AFFIRM** the district court's judgment.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4